# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Criminal Action Number** |
| | ) | **10--00135-01/02-CR-W-ODS** |
| **Roderick Moore,** | ) | |
| **Amber C. Moore,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is DEFENDANTS MOTION TO DISMISS CASE FOR LACK OF SUBJECT-MATTER JURISDICTION, filed November 3, 2010 [Doc. 84]. The United States filed it's opposition to the defendant's motion on December 6, 2010 [Doc. 91].

In his[1] 6-page *pro-se* pleading – which is accompanied by 88 pages of exhibits of indecipherable relevancy – defendant Roderick Moore argues that the Court should dismiss this case for lack of subject matter jurisdiction because:

> [t]he District Courts of the United States have subject-matter jurisdiction. The District Court of the United States is the proper venue and has jurisdiction to hear this case (see U.S Constitution Art. III Sec 2) and not the United States District Court. (See U.S. Constitution Art. I sec 8).

DEFENDANTS MOTION TO DISMISS CASE FOR LACK OF SUBJECT-MATTER JURISDICTION at 3-4 (*emphasis in original*).

---

[1] Although it is unclear to the Court whether defendant Roderick Moore intended to file his *pro-se* motion to dismiss solely on his own behalf, or on behalf of his wife, Amber Catrece Moore as well, the Court will consider the motion as having been joined in by co-defendant Amber Catrece Moore.

In response, the Government filed it's opposition to the defendants' motion to dismiss arguing that:

> [i]t is axiomatic that this Court is an Article III federal district court. *See* U.S. CONST. Art.III, §§ 1, 2; 28 U.S.C. §§ 105, 132. As a district court of the United States, this Court "shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. On August 10, 2010, a federal grand jury determined that there was probable cause to believe the defendant committed several offenses; all of the alleged offenses are crimes established by acts of Congress – 18 U.S.C. §§ 514, 1341, 1343, 1521, and 371. Accordingly, the grand jury issued a second superseding indictment against the defendants.(Doc. 67). It is not disputed that the alleged misconduct occurred within the Western District of Missouri. As an Article III district court, this Court has subject matter jurisdiction to hear the pending case because it involves allegations of offenses that are against the laws of the United States and that occurred within the district. *See United States v. Trotter*, 478 F.3d 918, 920 n.2 (8th Cir. 2007) ("Because Trotter was charged with an offense against the laws of the United States, the court clearly had jurisdiction and his motion to dismiss was properly denied.").

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS CASE FOR LACK OF SUBJECT MATTER JURISDICTION at 4 [Doc. 91].

In accordance with the above-quoted argument of the United States – as well as the remainder of the reasoning set forth in the United States' response in opposition to the defendants' motion to dismiss [Doc. 91] – it is,

**RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an order **DENYING** the DEFENDANTS MOTION TO DISMISS CASE FOR LACK OF SUBJECT -MATTER JURISDICTION, filed November 3, 2010 [Doc. 84].

Counsel and defendants Roderick Moore and Amber Catrece Moore are reminded that each has 14 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar

attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

    */s/ John T. Maughmer*
    **JOHN T. MAUGHMER**
    **U. S. MAGISTRATE JUDGE**